No. 22-50889

# In the United States Court of Appeals for the Fifth Circuit

FUND TEXAS CHOICE; THE NORTH TEXAS EQUAL ACCESS FUND; THE LILITH FUND FOR REPRODUCTIVE EQUITY; FRONTERA FUND; THE AFIYA CENTER; WEST FUND; JANE'S DUE PROCESS; CLINIC ACCESS SUPPORT NETWORK; GHAZALEH MOAYEDI,

*Plaintiffs-Appellees*,

*v.*

KEN PAXTON, IN HIS OFFICIAL CAPACITY OF ATTORNEY GENERAL,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Western District of Texas, Austin Division

**APPELLANT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS APPEAL**

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | JUDD E. STONE II<br>Solicitor General |
| BRENT WEBSTER<br>First Assistant Attorney General | NATALIE D. THOMPSON<br>Assistant Solicitor General<br>Natalie.Thompson@oag.texas.gov |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | BETH KLUSMANN<br>Assistant Solicitor General<br><br>Counsel for Appellant |

No. 22-50889

Fund Texas Choice; The North Texas Equal Access Fund; The Lilith Fund for Reproductive Equity; Frontera Fund; The Afiya Center; West Fund; Jane's Due Process; Clinic Access Support Network; Ghazaleh Moayedi,

*Plaintiffs-Appellees*,

*v.*

Ken Paxton, in his Official Capacity of Attorney General,

*Defendant-Appellant.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, appellant, as a governmental party, need not furnish a certificate of interested persons.

/s/ Natalie D. Thompson
Natalie D. Thompson
*Counsel of Record for*
*Defendant-Appellant*

# Table of Contents

Page

Certificate of Interested Persons ................................................................... i
Table of Authorities ......................................................................................... ii
Introduction ...................................................................................................... 1
Background ...................................................................................................... 2
Argument .......................................................................................................... 5
    I.   Interlocutory Appeal Is Proper on Two Independent Bases. ................ 6
        A.  The district court has refused to rule on the Attorney General's motion to dismiss. ............................................... 6
        B.  Compelled testimony, standing alone, violates the State's sovereign immunity. ......................................................... 7
    II.  The Attorney General Has Not Waived and Cannot Forfeit His Sovereign-Immunity Defense. ................................................................. 10
Conclusion ....................................................................................................... 13
Certificate of Service ..................................................................................... 14
Certificate of Compliance ............................................................................ 14

# Table of Authorities

Page(s)

**Cases:**

*Alden v. Maine*,
   527 U.S. 706 (1999) .................................................................................. 10

*Ex parte Ayers*,
   123 U.S. 443 (1887) .................................................................................... 7

*Boron Oil Co. v. Downie*,
   873 F.2d 67 (4th Cir. 1989) ....................................................................... 9

*In re Bryant*,
   745 F. App'x 215 (5th Cir. 2018) (per curiam) ....................................... 3

*Carswell v. Camp*,
 37 F.4th 1062 (5th Cir. 2022)............................................................6, 7, 8, 9, 11

*Edelman v. Jordan*,
 415 U.S. 651 (1974) ...........................................................................................1, 12

*In re FDIC*,
 58 F.3d 1055 (5th Cir. 1995) ..............................................................................3, 5

*In re Gee*,
 941 F.3d 153 (5th Cir. 2019) (per curiam) ......................................................... 5

*Helton v. Clements*,
 787 F.2d 1016 (5th Cir. 1986) (per curiam) ..................................................... 6

*Jordan v. Fisher*,
 823 F.3d 805 (5th Cir. 2016) ...............................................................................11

*Louisiana v. Sparks*,
 978 F.2d 226 (5th Cir. 1992) .............................................................................. 9

*Meyers ex rel. Benzing v. Texas*,
 410 F.3d 236 (5th Cir. 2005) ............................................................................. 10

*Mitchell v. Forsyth*,
 472 U.S. 511 (1985) ............................................................................................. 7

*Neinast v. Texas*,
 217 F.3d 275 (5th Cir. 2000) ............................................................................. 10

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
 506 U.S. 139 (1993) ............................................................................................5, 7

*In Re Ken Paxton*, No. 22-50882 (5th Cir. Oct. 10, 2022) ..................................... 4, 5

*Perez v. Region 20 Educ. Serv. Ctr.*,
 307 F.3d 318 (5th Cir. 2002) ............................................................................. 12

*Russell v. Jones*,
 49 F.4th 507 (5th Cir. 2022) ..............................................................7, 8, 9, 10, 11

*Skelton v. Camp*,
 234 F.3d 292 (5th Cir. 2000).............................................................................8, 9, 12

*Tex. Democratic Party v. Abbott*,
 961 F.3d 389 (5th Cir. 2020) ...............................................................................11

*Texas v. Caremark, Inc.*,
 584 F.3d 655 (5th Cir. 2009) ............................................................................. 7, 11

*United States v. Morgan*,
  313 U.S. 409 (1941) ............................................................................................... 3

**Constitutional Provisions, and Statutes:**

U.S. Const. art. III ........................................................................................................ 4, 5

Tex. Health & Safety Code ch. 170A ......................................................................... 2, 3

Tex. Rev. Civ. Stat.:
  art. 4512.6 ................................................................................................................. 2
  art. 4512.1–.4 ........................................................................................................... 2

## Introduction

Having sued the Attorney General of Texas in his official capacity for his alleged role in enforcing certain Texas abortion laws, Plaintiffs-Appellees then subpoenaed him to testify regarding their motion for a preliminary injunction. Although the district court initially quashed the subpoena, it then reconsidered and ordered the Attorney General to testify. In doing so, the court explicitly deferred ruling on the Attorney General's motion to dismiss "pending [his] testimony." Apdx.14. The Attorney General noticed this interlocutory appeal because, without first addressing his sovereign-immunity defense, requiring him to testify is in derogation of the State's sovereign immunity. This interlocutory appeal is proper for two independent reasons. First, because the district court deferred ruling on the Attorney General's motion to dismiss. Second, because requiring the Attorney General's testimony is itself an infringement on the State's sovereign immunity, which is an immunity from the litigation process itself, in addition to immunity from liability.

Plaintiffs' motion to dismiss the Attorney General's appeal is also premised on the theory that appearing through counsel at a preliminary-injunction hearing forfeits the State's sovereign immunity. It does not. Sovereign immunity cannot be forfeited. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974). And even if it could be, the Attorney General's litigation conduct in the district court is consistent with his assertion of sovereign immunity here. Courts not infrequently consider competing motions to dismiss and for preliminary-injunctive relief. Although best practice would certainly be to hear and decide the motion to dismiss first (thus saving parties and witnesses the expense of preparing for an evidentiary hearing), holding a

preliminary-injunction hearing can be appropriate, so long as the district court *decides* the sovereign-immunity defense *before* issuing any injunctive relief. But the district court here did not do that; it ordered the Attorney General to testify *before* taking up his sovereign-immunity defense.

## Background

Plaintiffs are a group of abortion funds—organizations that pay expenses associated with others obtaining abortions, in some cases for the abortion itself—and an abortionist. Apdx.18–19. They filed this lawsuit to challenge Texas's statutory regime governing abortion. The relevant statutes here are Texas's pre-*Roe* prohibition against abortion, Tex. Rev. Civ. Stat. arts. 4512.1–.4, .6, and the recently effective Human Life Protection Act (HLPA), Tex. Health & Safety Code ch. 170A. *See* Apdx.16–17. Plaintiffs sued, among others, the Attorney General of Texas in his official capacity. Apdx.17.

Plaintiffs allege that they are chilled from speaking and from travelling outside the State by the threat that Texas's abortion laws will be enforced against them for actions they take in connection with abortions in other States. *See generally* Apdx.21–26. They allege they have refrained from speaking about and advocating for abortion, particularly its availability in other States; paying for expenses related to obtaining abortions in other States; and travelling to other States to either perform abortions or to emotionally comfort women receiving abortions. *See* Apdx.26. Plaintiffs allege that the Attorney General "issued an advisory regarding the [HLPA] and asserting that the Pre-Roe Statutes could be enforced by DAs and County Attorneys

2

immediately" and posted a tweet saying "[b]ut w/ SCOTUS's *Dobbs* decision, [the pre-*Roe*] laws are 100% in effect & constitutional." Apdx.21.

Plaintiffs sought a preliminary injunction prohibiting enforcement of the HLPA and the pre-*Roe* statutes against them. *See* Apdx.16–67. The parties agreed to an expedited briefing schedule, Apdx.70–71, and the district court set a preliminary-injunction hearing for September 27, 2022, Apdx.77. In accordance with the schedule, the Attorney General filed a combined (1) opposition to the request for a preliminary injunction, and (2) motion to dismiss. Apdx.79–115. The Attorney General argued, among other things, that subject-matter jurisdiction is lacking because he is protected by sovereign immunity. Apdx.89–92.

On Friday, September 23, Plaintiffs informed the Attorney General's counsel that they "intend[ed] to call General Paxton" as a witness at their preliminary-injunction hearing. App.169–70. Plaintiffs attempted personal service on the Attorney General in the afternoon of Friday, September 23, at his office and on the morning of Monday, September 26 at his home. *See* Apdx.154–55.

The Attorney General moved to quash the subpoena later that Monday, explaining that Plaintiffs could not compel his testimony as a high-ranking government official. Apdx.117–21; *see United States v. Morgan*, 313 U.S. 409 (1941). As this Court has explained, it is a "settled rule" that "exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *see also In re Bryant*, 745 F. App'x 215, 220 (5th Cir. 2018) (per curiam). The next morning, the district court granted the Attorney General's motion to quash. *See* Apdx.233. Plaintiffs later filed a

3

response to the already-granted motion to quash as well as a request that the district court reconsider its ruling. Apdx.152–63. The preliminary-injunction hearing took place that day, and the district court reserved its ruling on the preliminary injunction to await additional briefing. *See* Apdx.462–63; Apdx.478–80.

One week later, the district court granted Plaintiffs' motion to reconsider, denied the motion to quash, and vacated Plaintiffs' deadline to respond to the Attorney General's motion to dismiss. Apdx.2–14. The court concluded that the Attorney General's testimony was relevant because the Attorney General had "inserted himself" into the abortion debate by making public comments about Texas's abortion laws and Plaintiffs needed to know what he meant by those public comments. Apdx.11–12. The court ordered the parties to confer by October 11 on whether the Attorney General would testify by deposition or at an evidentiary hearing. Apdx.14.

The Attorney General noticed this appeal. Apdx.484–85. He also filed a petition for writ of mandamus and requested a stay of the district court's order compelling his testimony. *See In re Ken Paxton*, No. 22-50882. In addition to the sovereign-immunity issue providing the basis for a collateral-order appeal, the mandamus petition independently raises the district court's failure to assess Article III standing before allowing litigation to proceed—particularly by allowing Plaintiffs to obtain the Attorney General's testimony—and the substantive impropriety of compelled testimony from a high-level government official. This Court issued an administrative

stay in the mandamus proceeding. Order, *In re Ken Paxton*, No. 22-50882 (5th Cir. Oct. 10, 2022), *as clarified* (Oct. 11, 2022).[1]

**ARGUMENT**

The collateral-order doctrine permits immediate appeal from an interlocutory order that "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action," and is "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142–43 (1993). That includes a denial of sovereign immunity, *see id.* at 146, as Plaintiffs concede (Mot. at 6). Plaintiffs nevertheless move to dismiss the Attorney General's appeal. Their argument proceeds from two erroneous premises: first, that the collateral-order doctrine cannot apply until the district court rules on the Attorney General's motion to dismiss, and second, that the Attorney General forfeited his sovereign immunity by acquiescing to briefing and a hearing on Plaintiffs' motion for a preliminary injunction. Neither premise is correct, and Plaintiffs' motion should be denied.

---

[1] If the Court were to grant Plaintiffs' motion to dismiss this appeal, the district court's failure to rule on sovereign immunity before ordering the Attorney General to testify would nevertheless be before the Court in the petition for writ of mandamus. Either way, mandamus is the only appellate remedy available for the district court's failure to assess Plaintiffs' Article III standing, *see, e.g.*, *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (per curiam), or to challenge its conclusion that "exceptional circumstances" justify ordering the Attorney General to testify, *see, e.g.*, *In re FDIC*, 58 F.3d at 1060.

5

## I. Interlocutory Appeal Is Proper on Two Independent Bases.

Plaintiffs' motion is premised on the argument that the district court has not "decline[d] or refuse[d] to rule" on the Attorney General's motion to dismiss and, relatedly, the assumption that there can be no denial of sovereign immunity while that motion remains pending. Mot. at 12 (quoting *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam)). They are wrong on both. The district court *has* refused to rule on the motion to dismiss. And even if it had not, such a refusal is not required because compelled testimony is itself an infringement of sovereign immunity that can be appealed immediately. Plaintiffs' legal premise is faulty, and their factual contention is incorrect.

### A. The district court has refused to rule on the Attorney General's motion to dismiss.

Plaintiffs are wrong to say that the district court did not "decline[] or refuse[] to rule" on the Attorney General's motion to dismiss because it has not yet entered an order denying that motion. But its order compelling the Attorney General to testify also vacated "Plaintiffs' deadline to respond to Defendant's motion to dismiss . . . pending Paxton's testimony." Apdx.14. That means the district court is refusing to consider and rule on the Attorney General's motion to dismiss until after he has testified. This is error; a district court cannot "permit discovery against the immunity-asserting defendants before it rules on their defense." *Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022). Declining to consider the motion now, before requiring the Attorney General to testify, infringes the State's sovereign immunity.

*See id.* at 1065. That makes it immediately appealable under the collateral-order doctrine. *Id.*

## B. Compelled testimony, standing alone, violates the State's sovereign immunity.

Even if that were not enough, this interlocutory appeal would be proper based on compelled testimony alone. As this Court explained just last month, subpoenas of state officials "operate against the state in a way that implicates state sovereign immunity." *Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022). Sovereign immunity exists "to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties." *Id.* (quoting *Ex parte Ayers*, 123 U.S. 443, 505 (1887)) (emphasis omitted). Indeed, "the importance of ensuring that [these] dignitary interests can be fully vindicated" is the "ultimate justification" for collateral-order appeals based on sovereign immunity. *P.R. Aqueduct*, 506 U.S. at 146. Moreover, the Court explained, sovereign immunity applies to subpoenas because "sovereign immunity is an immunity *from suit* (including discovery), not just liability." *Russell*, 49 F.4th at 514 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Texas v. Caremark, Inc.*, 584 F.3d 655, 657-58 (5th Cir. 2009) (a court cannot allow discovery or other burdens of litigation until it resolves the question of sovereign immunity). That includes immunity from compelled compliance with a subpoena. *Russell*, 49 F.4th at 514. Otherwise, the defendant is "effectively . . . denied . . . the benefits of the [sovereign-]immunity defense." *Carswell*, 37 F.4th 1065.

Compelling the Attorney General to testify deprives him of the benefits of sovereign immunity. Such an order is immediately appealable, as this Court explained in *Carswell*. Requiring state officials to testify—there, at a deposition; here, at a hearing—is an infringement on sovereign immunity that cannot be corrected on appeal from a final judgment. *Carswell*, 37 F.4th at 1065; *see also Russell*, 49 F.4th at 514–16. The collateral-order doctrine thus allows an interlocutory appeal from such an order, even though the district court has not yet ruled on the sovereign-immunity defense raised in the motion to dismiss.

Plaintiffs make two counterarguments. Neither has merit.

*First*, Plaintiffs' attempt to distinguish *Carswell* (at 13–14) based on procedural posture. That argument is misplaced. Here, as in *Carswell*, the district court subjected the defendants to coercive judicial process without first addressing their immunity defense. In *Carswell*, the process was compliance with general discovery obligations arising from a scheduling order, as opposed to an order compelling specific testimony. *Compare* 37 F.4th at 1064–65, *with* Apdx.8–14. There is no material difference between the two types of process. To be sure, the district court in *Carswell* also expressly denied the defendants' motions to dismiss without prejudice and required them to await summary judgment before resolving their immunity challenges. 37 F.4th at 1064–65. An express refusal to rule on immunity is sufficient to allow an interlocutory appeal, *see id.* at 1066, but not necessary, *see, e.g.*, *Skelton v. Camp*, 234 F.3d 292, 296 (5th Cir. 2000) ("Even though the district court did not expressly address the [sovereign immunity] claim, that claim still forms the basis for the appeal."). Though here the district court has not entered an order

8

denying the motion to dismiss, it vacated Plaintiffs' deadline to respond to that motion, indicating it has no intention of taking up the motion until the Attorney General has testified. Apdx.14. And if the district court means to consider the Attorney General's testimony in deciding the motion to dismiss, that too would be error: Plaintiffs "must survive the motion to dismiss (and the [sovereign] immunity defense) without any discovery." *Carswell*, 37 F.4th at 1066.

In any event, the *Carswell* district court erred not only by explicitly "deferring its ruling on qualified immunity," but also by "subjecting the immunity-asserting defendants to discovery in the meantime." *Id.* Because a subpoena is itself "coercive judicial process" subject to a sovereign-immunity defense, *see Russell*, 49 F.4th at 515, it is appealable under the collateral-order doctrine, *see Carswell*, 37 F.4th at 1065. The Attorney General's appeal is proper here.

*Second*, Plaintiffs attempt (at 15–16) to distinguish their subpoena from other cases this Court has seen because it compelled testimony at a hearing, rather than discovery outside of court. That is a distinction without a difference. Sovereign immunity applies to trial and discovery subpoenas alike. *See, e.g.*, *Russell*, 49 F.4th at 513–15 (sovereign immunity barred third-party subpoenas *duces tecum*); *Louisiana v. Sparks*, 978 F.2d 226, 229, 234–36 (5th Cir. 1992) (sovereign immunity barred a subpoena requiring testimony at an evidentiary hearing as well as a subpoena *duces tecum*); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989) (sovereign immunity barred a trial subpoena). Whether a subpoena requires production of documents or testimony at a hearing, it "issue[s] under the court's authority and [is] enforced by court order." *Russell*, 49 F.4th at 515. That means it is "a coercive judicial process"

9

that "violates the 'inviolable sovereignty' retained by the states in the Constitution's wake." *Id.* (quoting *Alden v. Maine*, 527 U.S. 706, 715 (1999)). Haling a State's Attorney General "into court on pain of contempt" to testify is at least as intrusive to the State as requiring discovery—if not more so. *Id.*

## II. The Attorney General Has Not Waived and Cannot Forfeit His Sovereign-Immunity Defense.

Plaintiffs' motion to dismiss also relies on the theory that by defending against Plaintiffs' preliminary-injunction motion or agreeing to simultaneous briefing with his motion to dismiss, the Attorney General forfeited his right to have sovereign immunity determined before requiring his testimony. They are wrong. Sovereign immunity cannot be forfeited. Although this Court has said a sovereign-immunity defense can be *waived* "through action," the waiver "must be unequivocal." *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000). That requires some action demonstrating a "decision to waive [sovereign] immunity" that is "voluntary on the part of the sovereign." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005). No such action has occurred here.

The Attorney General raised sovereign immunity at the earliest possible opportunity. Apdx.79–115. And he acquiesced only to the decision by the district court—which has substantial discretion in managing its docket—to hear sovereign immunity concurrently with Plaintiffs' motion for a preliminary injunction, not to the district court's compelling his testimony before ruling on sovereign immunity. And although the district court could properly hold a preliminary-injunction hearing before ruling on the Attorney General's motion to dismiss, it could not grant

injunctive relief or compel a defendant asserting sovereign immunity to testify at that hearing. Contrary to Plaintiffs' suggestion (at 12), asserting sovereign immunity from compelled testimony is consistent with recognizing "that the District Court could address and determine [the] motion to dismiss asserting sovereign immunity *after* conducting the preliminary injunction hearing." It is one thing to defend against a preliminary injunction through argument and cross-examination by counsel, but quite another to be compelled on pain of contempt to personally take the stand and testify. A rule that penalizes state officials for cooperating with the court as well as opposing parties in furtherance of judicial economy would hardly ease district courts' docket-management burdens.

But even though a district court may hold a hearing on a motion for a preliminary injunction, it cannot issue "coercive judicial process" against an immunity-invoking defendant without first addressing that defense. *Russell*, 49 F.4th at 515; *see also Carswell*, 37 F.4th at 1066; *Caremark*, 584 F.3d at 657-58. A preliminary injunction, of course, is coercive judicial process. The district court would have to address sovereign immunity before issuing one—not least because part of the preliminary-injunction burden is to show a likelihood of overcoming the sovereign-immunity defense. *See, e.g.*, *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *Jordan v. Fisher*, 823 F.3d 805, 809 (5th Cir. 2016). So a plaintiff who wishes to obtain additional evidence from the defendant to support a preliminary injunction—as Plaintiffs did here—must first contend with sovereign immunity. And here, the district court evidently determined Plaintiffs are not entitled to a preliminary injunction based on the evidence they presented in support of their motion. Instead

of issuing one, it ordered the Attorney General to testify. Apdx.14. But Plaintiffs cannot fish for more evidence without first overcoming sovereign immunity.

The Attorney General's actions align with the distinction between a court considering a preliminary-injunction motion and actually issuing a preliminary injunction. The district court could not *issue* a preliminary injunction without ruling on sovereign immunity. But its control over its docket meant it had the option of considering the Attorney General's motion to dismiss and the Plaintiffs' preliminary-injunction motion simultaneously. So, it is hardly unusual that counsel agreed to simultaneous briefing of the Attorney General's motion to dismiss and Plaintiffs' motion for a preliminary injunction. *See* Apdx.479. When that agreement was made, the district court had quashed Plaintiffs' subpoena. *See* Apdx.2. Respecting the district court's docket-management decisions regarding briefing deadlines is far from the necessary unequivocal waiver of the Attorney General's sovereign-immunity defense to compelled testimony.

To be sure, in the court below the Attorney General opposed the subpoena based on the impropriety of compelling apex testimony, rather than with reference to his sovereign immunity. Plaintiffs suggest (at 8, 10) that this forfeits the Attorney General's right to rely on sovereign immunity. But it is well established that a sovereign-immunity defense "sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court." *Edelman*, 415 U.S. at 678. It can be raised for the first time on appeal. *See Skelton*, 234 F.3d at 295–96. Indeed, this Court properly considers sovereign immunity *sua sponte* even if the defendant never raises it at all. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n.8 (5th Cir.

2002). Here, of course, the Attorney General did assert sovereign immunity below. Apdx.89–92. That makes it even more apparent that the district court erred in commanding the Attorney General's testimony. But even if the Attorney General had not raised sovereign immunity then, he could assert it in this Court now.

\* \* \*

The district court ordered the Attorney General of Texas to appear and testify under Plaintiffs' subpoena. And it deferred ruling on the Attorney General's motion to dismiss "pending [that] testimony." Apdx.14. By declining to address sovereign immunity and issuing coercive judicial process, the district court infringed on the State's sovereign immunity, making interlocutory appeal doubly proper under the collateral-order doctrine.

## Conclusion

The Court should deny Plaintiffs-Appellees' motion to dismiss the Attorney General's appeal.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Judd E. Stone II
Solicitor General

/s/ Natalie D. Thompson
Natalie D. Thompson
Assistant Solicitor General

Beth Klusmann
Assistant Solicitor General

Counsel for Defendant-Appellant

13

## Certificate of Service

On October 31, 2022, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Natalie D. Thompson
Natalie D. Thompson

## Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,328 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Natalie D. Thompson
Natalie D. Thompson